UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION** at **LEXINGTON**

| | |
|---|---|
| HAROLD DEAN MCCARTY, | ) |
| Petitioner, | ) Civil Action No. 5: 08-CV-433-JMH |
| vs. | ) |
| STEPHEN DEWALT, | ) |
| Respondent. | ) **MEMORANDUM OPINION AND ORDER** |

\*\*\*\*\*     \*\*\*\*\*     \*\*\*\*\*

Harold Dean McCarty ("McCarty"), an individual confined at the Federal Medical Center in Lexington, Kentucky ("FMC - Lexington"), has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 2] and has paid the $5 filing fee. [R. 3]

This matter is before the Court for screening. 28 U.S.C. § 2243; *Harper v. Thoms*, 2002 WL 31388736, *1 (6th Cir. 2002). As McCarty is appearing *pro se*, his petition is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations in his petition are taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). But if the Court determines that the petition fails to establish adequate grounds for relief, it may dismiss the petition or make such disposition as law and justice require. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

I.   **FACTUAL BACKGROUND**

In his petition, McCarty indicates that he seeks to be properly credited for time served in state custody against his federal sentence. The factual and legal basis for his claim is set out in only conclusory terms in his petition; it is presented in more detail in the administrative grievances he filed with the Bureau of Prisons ("BOP") regarding the issue, which are attached to his petition. The Court derives its understanding of his present claims primarily from those documents.

McCarty commenced his challenge to the BOP's calculation of his sentence by filing a Form BP-229 with the warden on January 28, 2008. In that grievance, McCarty indicated that on September 11, 200[1], the Magoffin Circuit Court entered an order in his case (1) granting him 385 days credit for pretrial detention as of January 22, 2001, against his state sentence; (2) ordering that his state sentence be served concurrently with his federal sentence; and (3) releasing him from state custody immediately so that he could commence service of his federal sentence. McCarty asked "that my records be reviewed and pursuant to 18 U.S.C. § 3621(b) to nunc pro tunc designate my state prison to be my place of federal confinement for the purpose of calculating service of my federal sentence..."

On February 14, 2008, the warden responded. The warden first analyzed McCarty's initial period of state custody, which ran from the date he self-surrendered on July 19, 1999, until he was sentenced by the Magoffin Circuit Court on January 21, 2001.

McCarty received credit against his state sentence for 380 days of this period of time pursuant to the Magoffin Circuit Court's amended Judgment and Commitment Order entered on September 11, 2001. McCarty also received credit against his *federal* sentence for this *entire* time period pursuant to BOP Program Statement 5880.28 as *Willis* time credits under *Willis v. United States*, 449 F.3d 923 (5th Cir. 1971). The warden next analyzed McCarty's remaining time period in state custody, which ran from the commencement of his state incarceration in the Roederer Correctional Complex on January 22, 2001, until his release to federal authorities to commence his federal sentence on April 1, 2002. The BOP did not credit this time period against his federal sentence, as it had already been counted against his state sentence, 18 U.S.C. § 3585(b), and occurred prior to his placement in BOP custody to commence service of his federal sentence, 18 U.S.C. § 3585(a). The warden did not respond to McCarty's request for *nunc pro tunc* designation under Section 3621(b).

McCarty appealed that denial on March 7, 2008, by filing a Form BP-230 with the BOP's Mid-Atlantic Regional Office ("MARO"). In his appeal McCarty argued that he was not released from state custody into BOP custody on April 1, 2002, but rather on January 21, 2001, in light of the state court's September 11, 2001 amended judgment which directed that he be released from state custody immediately. In essence, McCarty argued that his federal custody commenced on January 21, 2001, when the United States Marshal was

constructively in custody of him had the Magoffin Circuit Court's September 11, 2001 Order been implemented retroactively. MARO denied his appeal on May 29, 2008, noting that his federal custody could not commence until he was actually taken into custody under Section 3585(b). MARO did indicate that McCarty's request to the warden for *nunc pro tunc* designation had been referred to the BOP's Designation and Sentence Computation Center ("DSCC") for review under Program Statement 5160.05 § 9(b)(4).

On June 16, 2008, McCarty appealed that response by filing a Form BP-231 with the BOP's Central Office of Inmate Appeals. In his appeal, McCarty challenged the denial of federal credit for custody from January 22, 2001 to April 1, 2002, again arguing that the Magoffin Circuit Court's Order to release him from state custody entitles him to federal credit. On September 4, 2008, the Central Office issued its Response, again reiterating that prior custody credit cannot be awarded under Section 3585(b) as implemented by Program Statement 5880.28 where it has been applied against another sentence. The Central Office made no statement regarding the outcome of DSCC's review of McCarty's file for possible *nunc pro tunc* designation under Program Statement 5160.05.

McCarty filed his petition in this matter on October 23, 2008, in which he reiterated his request to receive credit against his federal sentence for all jail time served to which he is entitled under the state court's judgment, which he believes to be from the day he turned himself into state authorities on July 19, 1999 to

the present date, as well as *nunc pro tunc* designation of his state prison as the place for his federal sentence.

## II. DISCUSSION

McCarty's petition presents three claims for relief. First, he seeks credit against his federal sentence for time spent in presentence state custody from July 19, 1999 to January 21, 2001. This claim must be denied as moot, as the BOP has made clear that he has already received credit against his federal sentence for this entire period as *Willis* time credits pursuant to Program Statement 5880.28.

Second, McCarty seeks credit against his federal sentence for time spent in post-sentence state incarceration from January 22, 2001, until his release to federal authorities to commence his federal sentence on April 1, 2002. This claim has already been denied by the Court in a prior petition filed by McCarty. *McCarty v. Booker*, 04-392-JBC, Eastern District of Kentucky [R. 3 at pg. 4] As the Court noted, the requested credit is prohibited by Section 3585(b) as having already been credited against his state sentence. *Broadwater v. Sanders*, 2003 WL 463481 (6th Cir. 2003) (unpublished disposition).

Finally, McCarty seeks a *nunc pro tunc* designation of the place of his state incarceration, the Roederer Correctional Complex, as the place to serve his federal sentence, in order to obtain credit against his federal sentence for time he served in state custody in order to give meaningful effect to the state

court's desire that McCarty serve its sentence concurrently with his federal sentence.  As this Court previously advised McCarty, this approach appears to be the primary, if not only, remaining avenue to obtain the relief he seeks under circumstances such as these.   *McCarty v. Booker*, 04-392-JBC, Eastern District of Kentucky [R. 3 at pg. 5]

However, as this Court has previously held, the Court lacks the authority itself to make such designation, it may only review the BOP's refusal to do so for an abuse of discretion after the prisoner makes an appropriate request.  *Rogers v. United States*, 180 F.3d 349, 356 (6th Cir. 1998).  McCarty plainly sought such a *nunc pro tunc* designation in his Form BP-229 filed with the warden, although he failed to preserve this request in his appeals to MARO and the Central Office.  While MARO's response indicated that it had referred the request he made in his initial grievance to the DSCC for consideration, the Central Office's denial of his final appeal makes no mention of the final disposition of that request. Under such circumstances, McCarty's request is not yet ripe for review by this Court until the Attorney General, through the BOP, has made a final decision with respect to his request.  *United States v. Westmoreland*, 974 F.2d 736, (6th Cir. 1992); *United States v. Collier*, 2002 WL 257211 (6th Cir. 2002) (unpublished disposition).  The Court must therefore deny the petition, without prejudice, until such time as the BOP makes a final determination regarding his request for nunc pro tunc designation under Program

Statement 5160.05.

**III. CONCLUSION**

Accordingly, it is **ORDERED** that:

1. McCarty's petition for a writ of habeas corpus [R. 2] is **DENIED.**

2. The Court certifies that any appeal would not be taken in good faith. 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997); *Kincade v. Sparkman*, 117 F.3d 949 (6th Cir. 1997).

This the 29th day of January, 2009.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge